UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES RANDALL LOTT,

Plaintiff,

v.

PAROLE BOARD MEMBERS, et al.,

Defendants.

Case No.:  14-cv-2844 GPC (JLB)

**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

[ECF No. 21]

## I. INTRODUCTION

Plaintiff James Randall Lott, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging his civil rights were violated when his October 16, 2014 parole hearing was postponed for six months after he missed the hearing because he was hospitalized.  (ECF No. 5 at 3.)

Presently before the Court is Defendant Board of Parole Hearings' Motion to Dismiss the Complaint.  (ECF No. 21.)  Defendant moves to dismiss Plaintiff's Complaint on the grounds that: (1) Plaintiff failed to exhaust the available administrative remedies before filing his lawsuit and the failure to exhaust is clear on the face of the Complaint; and (2) Defendant has Eleventh Amendment immunity from Plaintiff's lawsuit.  (ECF

No. 21-1 at 4–8.)  Plaintiff did not oppose Defendant's Motion to Dismiss, although he sent a letter to the Court dated March 6, 2015 that addresses the Motion.  (ECF No. 24.)

The Court submits this Report and Recommendation to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the Local Rules of Practice for the United States District Court for the Southern District of California.  After a thorough review of Plaintiff's Complaint, Defendant's Motion to Dismiss, the record in this case,[1] and the applicable case law, the Court hereby **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**.

## II. BACKGROUND

Plaintiff is a state prisoner currently located at the California Medical Facility in Vacaville, California.  (ECF No. 28 at 1.)  At the time of the events alleged in Plaintiff's Complaint, Plaintiff was located at the Richard J. Donovan Correctional Facility in San Diego, California, and was scheduled for a parole hearing on October 16, 2014.  (ECF No. 5 at 1–3.)  Plaintiff became ill and required hospitalization from October 7, 2014 to October 19, 2014, which resulted in his missing the October 16, 2014 hearing.  (*Id.* at 3.)  Upon Plaintiff's return to the prison, he was informed he would not receive another parole hearing "until sometime in April of 2015."  (*Id.*)

Plaintiff initiated the present action by writing a letter dated October 23, 2014 to Judge Henderson of the U.S. District Court for the Northern District of California.  (ECF No. 1.)  That Court notified Plaintiff that his "action" had been "filed" but that he was to either submit a complaint on the proper form or, if he had not intended to file a new civil action, notify the court of that.  (ECF No. 2.)  Plaintiff filed his form Complaint in the Northern District of California on November 13, 2014 (ECF No. 5), and because it was "more likely that the events at issue took place where Plaintiff [was] incarcerated, in the

---

[1]    The Court received two additional letters from Plaintiff on June 1, 2015 and August 3, 2015. (ECF Nos. 26 and 28.)  However, as neither letter addresses Defendant's Motion to Dismiss, the Court does not consider them for purposes of this Order.

Southern District of California," Plaintiff's case was transferred to this Court on November 26, 2014. (ECF No. 9 at 1.)

Plaintiff's Complaint alleges the postponement of his missed parole hearing is punishment "for getting sick and going to a[n] outside hospital" and this punishment amounts to a violation of his civil rights. (ECF No. 5 at 3.) The Complaint further alleges that if Plaintiff could not receive a parole hearing before April 2015, his then-current parole plans would no longer be viable and he would be "denied parole for at least a year if not more." (*Id.*) The Complaint requests that either the Board of Parole Hearings or the Court acting as the Board of Parole Hearings hold Plaintiff's next parole hearing before April 2015. (*Id.*) Plaintiff expressly states in his Complaint that there is an administrative grievance procedure at the Richard J. Donovan Correctional Facility but he did not pursue it because "[i]t would take a lot of time and [he] would go to the Board before [he] got an answer." (*Id.* at 1–2.) He also states that he did not pursue any available level of appeal because he had "no idea who to write" and "it would still take more than a year to get answers if one was ever given at all." (*Id.* at 1.)

Defendant filed its Motion to Dismiss the Complaint on March 4, 2015. (ECF No. 21.) Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) Plaintiff failed to exhaust the available administrative remedies before filing his lawsuit and the failure to exhaust is clear on the face of the Complaint; and (2) as an agency of the State of California, Defendant has Eleventh Amendment immunity from Plaintiff's lawsuit. (ECF No. 21-1 at 4–8.)

The Court gave Plaintiff until April 13, 2015, to file a response in opposition to Defendant's Motion to Dismiss. (ECF No. 22.) Plaintiff did not file an opposition to Defendant's Motion but sent a letter to the Court dated March 6, 2015. (ECF No. 24.) In the letter, Plaintiff blames the court for "start[ing]" the lawsuit when all Plaintiff had done was ask by letter how he could advance the date of his parole hearing. (*Id.* at 1.) Plaintiff does not argue that Defendant's position on dismissal is wrong but instead points out that

1   "[i]f the Attorney General is right then the Court was wrong in making this a civil case."[2]

2   (*Id.*)

3   ## III. LEGAL STANDARDS

4   ### A.   Construction of a *Pro Se* Litigant's Complaint

5   "The Supreme Court has instructed the federal courts to liberally construe the

6   'inartful pleading' of *pro se* litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.

7   1987) (citing *Boag v. McDougall*, 454 U.S. 364, 365 (1982) (per curiam)).   "It is settled

8   law that the allegations of a *pro se* litigant's complaint however inartfully pleaded are

9   held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting

10  *Hughes v. Rowe*, 449 U.S. 5, 9 (1972)).   However, "a liberal interpretation of a civil rights

11  complaint may not supply essential elements of the claim that were not initially pled."

12  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey*

13  *v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

14  ### B.   Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

15  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

16  sufficiency of a plaintiff's claim.   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

17  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

18  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

19  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

20  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or

---

[2]   In this letter, Plaintiff also questions the timeliness of Defendant's Motion to Dismiss, asking, "[W]hy is the Attorney General filing a motion to dismiss in May.  I thought she only had until April sometime to give a[n] answer, 60 days I believe." (ECF No. 24 at 1.)  Federal Rule of Civil Procedure 12 provides that a defendant must serve a responsive pleading within 21 days after being served with a summons and complaint or, if the defendant timely waived service pursuant to Rule 4(d), within 60 days after the request for waiver of service was sent. Fed. R. Civ. P. 12(a)(1)(A)(i).  A request for waiver of service was mailed to Defendant on January 15, 2015, and Defendant timely waived personal service of Plaintiff's Summons and Complaint on February 12, 2015.  (ECF No. 20.)  Thus, Defendant had 60 days from January 15, 2015, or until March 16, 2015, to respond to Plaintiff's Complaint.  (ECF No. 20 at 2.) Defendant filed its Motion to Dismiss on March 4, 2015, (not in May) and Defendant's Motion was therefore timely.  (ECF No. 21.)

'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.  The court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  When reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of the facts presented and construe all inferences from them in the light most favorable to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988).  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  *Id.*; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## IV. DISCUSSION

### A.   Construction of Plaintiff's Civil Rights Complaint

A state prisoner complaining of the conditions of his imprisonment may file a complaint in federal court pursuant to 42 U.S.C. § 1983.  Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983 (2012).  "Section 1983 'is not itself a source of substantive rights' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham*

*v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)).

Plaintiff's § 1983 Complaint fails to assert which constitutional right or federal statute, if any, Defendant violated by postponing Plaintiff's missed parole hearing for six months.   However, because Plaintiff is proceeding *pro se* in this action, the Court construes his Complaint liberally.  *See Bruns*, 122 F.3d at 1257.  Upon a liberal reading of the Complaint, specifically Plaintiff's assertion that he was "punished for getting sick and going to a[n] outside hospital" (ECF No. 5 at 3), the Court interprets the Complaint to allege a violation of Plaintiff's Eighth Amendment right against the infliction of cruel and unusual punishment.

By way of relief, Plaintiff seeks to have the Court order the Board of Parole Hearings to hold a parole hearing for Plaintiff earlier than April 2015.[3]

**B.    Plaintiff's Exhaustion of Administrative Remedies**

The first ground upon which Defendant moves to dismiss Plaintiff's Complaint is that Plaintiff failed to exhaust the available administrative remedies before filing his lawsuit and the failure to exhaust is clear on the face of Plaintiff's Complaint.  (ECF No. 21 at 1–2.)  For the reasons below, the Court recommends Defendant's Motion to Dismiss Plaintiff's Complaint on this ground be **GRANTED**.

---

[3]    As an alternative to the Court ordering the Board of Parole Hearings to advance Plaintiff's hearing, Plaintiff asks the Court to act as the prison's Board of Parole Hearings and hold Plaintiff's postponed parole hearing earlier than April 2015.  However, the Court does not have the authority to provide such relief to Plaintiff, as federal district courts do not have original jurisdiction over state prison parole matters.  *See generally* 28 U.S.C. §§ 1330–1339 (2012).

The Court recognizes that Plaintiff's Complaint could be dismissed as moot as Plaintiff sought only the relief that his parole hearing be held before April 2015 and April 2015 has come and gone.  (Plaintiff apparently did receive a parole hearing in April 2015, but the parole hearing was suspended before completion, over Plaintiff's objections, due to concerns about Plaintiff's health.  (*See* ECF No. 26).)  However, the Court addresses Defendant's Motion to Dismiss in full to provide Plaintiff a statement of his Complaint's deficiencies so he may have an opportunity to cure should he choose to refile his lawsuit.  *See Karim–Panahi*, 839 F.2d at 623–24.

6

The Prison Litigation Reform Act (PLRA) prohibits any lawsuit from being brought "with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2012). The exhaustion of available administrative remedies is a mandatory requirement regardless of the type of relief sought by the prisoner and the type of relief available through the administrative procedures, and the administrative procedures need not be plain, speedy, or effective. *Booth v. Churner*, 532 U.S. 731, 739–41 (2001). In addition, administrative remedies must be exhausted prior to the commencement of an action and may not be exhausted during the pendency of a lawsuit. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). When a prisoner fails to exhaust the administrative remedies available to him and the failure "is clear on the face of the complaint," a defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Because the PLRA requires exhaustion only of those administrative remedies "as are available," the statute does not require exhaustion when circumstances render the administrative remedies "effectively unavailable" to a prisoner. *See Sapp v. Kimbrell*, 623 F.3d 813, 821–22 (9th Cir. 2010).

"[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The administrative remedies made available to prisoners by the California Department of Corrections and Rehabilitation (CDCR) are codified in Title 15 of the California Code of Regulations. Any inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse affect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2015). The CDCR's administrative remedies require prisoners to file an appeal at the appropriate level and then proceed through a three-tiered appeal response

process before filing a lawsuit in federal court.  Cal. Code Regs. tit. 15, §§ 3084.2, 3084.7 (2015).

      As a prisoner bringing a § 1983 lawsuit, Plaintiff was required to comply with the PLRA's requirement that he exhaust all available administrative remedies before filing a lawsuit.  *See* 42 U.S.C. § 1997e(a).  Plaintiff's Complaint expressly states that the administrative remedies codified in Title 15 of the California Code of Regulations were available to him while he was located at the Richard J. Donovan Correctional Facility.  (*See* ECF No. 5 at 1.)  Therefore, Plaintiff was required to exhaust the available administrative remedies before filing his lawsuit.

      Upon a review of Plaintiff's Complaint, the Court finds it clear on the face of the pleading that Plaintiff failed to exhaust the available administrative remedies before filing his lawsuit.  Section I of Plaintiff's form Complaint asked Plaintiff, "Is there a grievance procedure in this institution?"  (ECF No. 5 at 1.)  In response, Plaintiff marked the checkbox labeled, "Yes."  (*Id.*)  Next, Section I of the form Complaint asked Plaintiff, "[D]id you present the facts in your complaint for review through the grievance procedure?"  (*Id.*)  Plaintiff responded by marking the checkbox labeled, "No."  (*Id.*)  The form Complaint next stated, "If you did not present your claim for review through the grievance procedure, explain why."  (*Id.* at 2.)  Plaintiff responded, "[I]t would take a lot of time and I would go to the Board before I got a[n] answer."  (*Id.*)  Based on the foregoing statements contained in the Complaint, the Court finds it clear that administrative remedies were available to Plaintiff, Plaintiff was aware of the availability of the administrative remedies, and Plaintiff intentionally failed to exhaust the administrative remedies available to him.

      Based upon his statements in his form Complaint, Plaintiff may reasonably be understood to be arguing that he should be excused from exhausting his administrative remedies based on futility.  Specifically, Plaintiff asserts in his Complaint that he did not present his claim for review through the prison's administrative grievance process because it would "take more than a year to get answers if one was ever given at all" and

"[he] would go to the Board before [he] got a[n] answer." (ECF No. 5 at 1, 3.) That it may have taken Plaintiff an extended period to exhaust the prison's administrative remedies does not render the procedures effectively unavailable to him. First, the administrative remedies available to state prisoners need not be speedy. *Booth*, 532 U.S. at 739–40. Second, although the Supreme Court has left "open the possibility that an exception to the exhaustion requirement might exist" in circumstances where "the prison had created draconian procedural requirements," *Sapp*, 623 F.3d at 827 (citing *Woodford v. Ngo*, 548 U.S. 81, 102 (2006)), the Court finds this is not the case here. As Defendant points out in its Motion to Dismiss, the administrative remedies made available to prisoners by the CDCR require that after a prisoner appeals an action taken by the prison, all first- and second-level responses to the appeal must be issued within thirty working days of receipt of the appeal, and all third-level responses must be issued within sixty working days. *See* Cal. Code Regs. tit. 15, § 3084.8(c)(1)–(3) (2015). The appeal response periods set forth by the CDCR are reasonable, and the administrative remedies are not so harsh or severe that they would require Plaintiff to wait an unreasonable amount of time for a response.

Had Plaintiff pursued his administrative remedies and encountered inexcusable delays, he might conceivably have been in a position to seek relief from fully exhausting that course of relief. The Ninth Circuit has refused to "interpret the PLRA so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances" and has held that a "[d]elay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available." *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (quoting *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)). However, Plaintiff here made no effort to pursue the available administrative remedies, and anticipating delay does not excuse him from doing so.

When a plaintiff fails to exhaust the administrative remedies available to him before filing a lawsuit and his failure to exhaust is clear on the face of his complaint, dismissal

9

under Federal Rule of Civil Procedure 12(b)(6) is proper.  *See Albino*, 747 F.3d at 1166; *see also McKinney*, 311 F.3d at 1200–01 (requiring dismissal without prejudice when there was no pre-lawsuit exhaustion in a § 1983 case).  As outlined above, Plaintiff was not excused from exhausting the available administrative remedies before filing his lawsuit, and his failure to exhaust is clear on the face of his Complaint.  Accordingly, the Court recommends Defendant's Motion to Dismiss on this ground be **GRANTED**.

## C.   Defendant's Eleventh Amendment Immunity

The second ground upon which Defendant moves to dismiss Plaintiff's Complaint is that Defendant has Eleventh Amendment immunity from Plaintiff's lawsuit.  (ECF No. 21-1 at 4.)  For the reasons below, the Court recommends Defendant's Motion to Dismiss Plaintiff's Complaint on this ground be **GRANTED**.

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant, "unless Congress has abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment or a state has waived it." *Holley v. California Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010).  "Both the Ninth Circuit and the Supreme Court have recognized that the 'State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court.'"  *Aleto v. California*, No. EDCV 15-0842-RGK (JEM), 2015 WL 4507001, at *3 (C.D. Cal. July 23, 2015) (citing *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999)).

Defendant in this case is entitled to Eleventh Amendment immunity from Plaintiff's lawsuit.  Plaintiff's Complaint named only the "Parole Board members" as a defendant; it did not name individually any specific member of the Board of Parole Hearings.  (ECF No. 21-1 at 4.)  Although Plaintiff's naming the "*members*" of the Board could indicate that Plaintiff intended to sue each member of the Board of Parole Hearings in their individual capacity, Plaintiff failed to expressly name in his Complaint, or direct that service of process be made upon, any individual member of the Board of Parole Hearings.  (*See* ECF Nos. 5, 17, 19, and 20.)  As such, the Court must construe Plaintiff's

Complaint as having sued the Board of Parole Hearings collectively as an agency and not as having sued each member of the Board of Parole Hearings individually.   As the Eleventh Amendment bars suits for all types of relief against the State of California or its agencies and the Board of Parole Hearings is an agency of the State, Defendant is immune from Plaintiff's lawsuit.   Accordingly, the Court recommends Defendant's Motion to Dismiss Plaintiff's Complaint on this ground be **GRANTED**.

**D.    Civil Local Rule 7.1**

The Court also recommends dismissal under Civil Local Rule 7.1.f.3.c of the Local Rules of Practice for the United States District Court for the Southern District of California.  Civil Local Rule 7.1.f.3.c directs that an opposing party's failure to oppose a motion "may constitute a consent to the granting of [that] motion."  CivLR 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming the granting of an unopposed motion to dismiss under a local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion).  However, before dismissing an action for failure to comply with local rules, courts must "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions.'"  *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  That Plaintiff is proceeding *pro se* in this action does not excuse his failure to follow the rules of procedure that govern other litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants.").

Here, Defendant attached a Certificate of Service to its Motion to Dismiss, representing that Defendant timely served Plaintiff with its Motion.  (ECF No. 21-1 at 10.)  In addition, Plaintiff's letter dated March 6, 2015 confirms that Plaintiff received

Defendant's Motion.  (ECF No. 24 at 1.)  The Court provided Plaintiff with adequate time to prepare a written opposition to Defendant's Motion, and Plaintiff did not file an opposition.  Instead, in his March 6, 2015 letter, Plaintiff takes no position on the strength of Defendant's Motion but instead protests that if Defendant is correct, the Court should never have filed Plaintiff's initiating letter as a court case in the first place.  Thus, the Court concludes that the balance of the *Ghazali* factors weigh in favor of dismissal.  *See Ghazali*, 46 F.3d at 53.

## V. CONCLUSION

For the reasons discussed above, it is hereby **RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Defendant Board of Parole Hearings be terminated as a party in **GRANTING** its motion to dismiss without prejudice.

**IT IS ORDERED** that any party may file written objections with the court and serve a copy on all parties no later than **February 1, 2016**.  The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 8, 2016**.

The parties are advised that a failure to file objections to this Report and Recommendation within the specified time may waive their rights to raise objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 445, 449 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  January 11, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge

12

14-cv-2844 GPC (JLB)