1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JAMES RANDALL LOTT,

                            Petitioner,

                    v.

PAROLE BOARD MEMBERS, et al.,

                            Respondent.

CASE NO. 14-cv-2844 GPC (JLB)

**ORDER:**

**(1) GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES;**

**(2) GRANTING DEFENDANT'S MOTION TO DISMISS BECAUSE IT IS SORVEREIGNLY IMMUNE UNDER THE ELEVENTH AMENDMENT;**

and

**(3) DISMISSING PLAINTIFF'S CLAIM WITHOUT PREJUDICE.**

[ECF Nos. 21, 29]

## I. INTRODUCTION

Plaintiff James Randall Lott, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging his civil rights were violated when his October 16, 2014 parole hearing was postponed for six months (*i.e.*: sometime in April 2015) after he unavoidably missed the hearing because he was hospitalized on that day. (ECF No. 5 at 3.)  Plaintiff alleges that, as a consequence of his postponed back hearing date, he would be "denied parole for

1   at least a year if not more" because his then-current parole plans would no longer be

2   viable. (ECF No. 5 at 3.) Accordingly, Plaintiff seeks to have this Court order

3   Defendant to conduct a parole hearing before April 2015 or, in the alternative, to

4   have this Court act as the Board of Parole and hold his hearing before April 2015.

5   (*Id*.)

6       On March 3, 2015 Defendant filed a Motion to Dismiss, which is the subject

7   of this Order.  (ECF. No. 21.)  Defendant moves to dismiss Plaintiff's complaint on

8   the grounds that (1) Plaintiff failed to exhaust available  administrative remedies

9   and (2) Defendant is immune from lawsuit under the Eleventh Amendment.  (*Id*. at

10   4-8.)  Plaintiff did not oppose that Motion, although he sent a letter to the court

11   three days later that addressed that Motion. (ECF No. 24.)

12       Pursuant to 28 U.S.C. § 636(b)(1), Judge Burkhardt submitted a report and

13   recommendation ("Report") to this Court on January 11, 2016, recommending

14   Defendants' Motion to Dismiss be **GRANTED**. (ECF. No. 29.) Objections to the

15   Report were to be filed no later than February 1, 2016. (*Id.* at 12.)  Neither party

16   filed an objection.

17       After careful consideration of the pleadings and relevant briefs submitted by

18   the parties, and for the reasons set forth below, this Court **ADOPTS** Judge

19   Burkhardt's Report, and **GRANTS** Defendant's Motion to Dismiss.

20

21                          **II.  BACKGROUND**

22       Plaintiff is currently a state prisoner at the California Medical Facility in

23   Vacaville, California. (ECF No. 28 at 1.) At the time that the Board postponed

24   Plaintiff's parole hearing, Plaintiff was located at the Richard J. Donovan

25   Correctional Facility in San Diego, California. (ECF No. 5 at 1-3.) Originally,

26   Plaintiff was scheduled for a parole hearing on October 16, 2014. (*Id*.) However,

27   Plaintiff became ill and required hospitalization from October 7, 2014 to October

28   19, 2014.  (*Id*. at 3.) As a result, Plaintiff missed his October 16th hearing date. (*Id*.)

1  Upon returning, Plaintiff was notified that his next hearing date would occur no
2  sooner than "sometime in April of 2015." (*Id*.)

3        Plaintiff initiated the present action by writing a letter, dated October 23,
4  2014,  to Judge Henderson of the U.S. District Court for the Northern District of
5  California. (ECF No.1.)  That court notified Plaintiff that his "action" had been
6  "filed" but that had to submit a proper complaint or, if he had not intended to file a
7  civil action, that he had to notify the court of that. (ECF No. 2.)  On November 13,
8  2014, Plaintiff filed his form Complaint in the Northern District of California. (ECF
9  No. 5.) But, because it was "[l]ikely that the events at issue took place where
10 Plaintiff [was] incarcerated, in the Southern District of California," Plaintiff's case
11 was transferred to this Court on November 26, 2014. (ECF No. 9 at 1.)

12       In his Complaint, Plaintiff alleges that his six-month postponement of his
13 parole hearing was punishment "for getting sick and going to a[n] outside hospital"
14 and that this punishment amounts to a violation of his civil rights. (ECF No. 5 at 3.)
15 In addition, Plaintiff alleges that the six-month delay would leave him unable to
16 obtain parole "[f]or at least a year if not more" because his then-current parole plans
17 would no longer be viable.  (*Id*.) Plaintiff, therefore, asks this Court to order
18 Defendant to conduct a parole hearing before April 2015. Alternatively, Plaintiff
19 requests that this Court act as the Board and conduct an expedited parole hearing
20 before his parole plans expire. (*Id*.)

21       Plaintiff filed his federal complaint *before* he filed any administrative
22 grievances below. (*Id*. at 1-2.) He did this purposefully because he feared that "it
23 would []take more than a year to get an answer[] if one was ever given at all" and
24 that he had "no idea who to write" to address his concern that his April 2015
25 hearing would occur too late to be of much use to him . (*Id*.)

26       On March 3, 2015 Defendant filed a Motion to Dismiss. (ECF No. 21.)
27 Defendant moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) on
28

the grounds that (1) Plaintiff failed to exhaust administrative remedies before filing his federal lawsuit; (2) Plaintiff's failure was clear on the face of his Complaint; and (3) Defendant, as an agency of the State of California, is immune to lawsuit under the Eleventh Amendment. (ECF. No. 21 at 4-8.)

The Court gave Plaintiff until April 3, 2015 to file an opposition to Defendant's Motion. (ECF No. 22.) But Plaintiff never filed an opposition. However, on March 6, 2015 Plaintiff sent a letter to this Court. (ECF No. 24.) In it, Plaintiff blames the Court for "start[ing] this lawsuit when all Plaintiff had done was ask how he could advance his parole-hearing date. (*Id.* at 1.)[1]

On January 1, 2016 Magistrate Judge Burkhardt filed a Report and Recommendation (R&R). Judge Burkhardt recommended that Defendant's Motion to Dismiss be granted on the grounds urged by the Defendant as well as one additional ground. Specifically, Judge Burkhardt recommended that this Court grant the Motion to Dismiss on the grounds that  (*i*) Plaintiff failed to exhaust available prison remedies; (*ii*) Defendant is sovereign immunity under the Eleventh Amendment; and (*iii*) Defendant failed to oppose the Motion and, thus, the Court should dismiss Plaintiff's action under a Civil Local Rule. (ECF. No. 29 at 6, 10, 11-12.)

Plaintiff had until February 1, 2016 to file written objections with the court. (*Id*. at 12:12-15.)  However, Plaintiff never filed any.

---

[1] In his letter, Plaintiff also questions the timeliness of Defendant's Motion to Dismiss, asking, "[W]hy is the Attorney General filing a motion to dismiss in May. I thought she had only until April sometime to give a[n] answer, 60 days I believe." (ECF No. 24 at 1.) Fed. R. Civ. P. 12 provides that a defendant must serve a responsive leading within 21 days after being served with summons and complaint or, if the defendant timely waived service pursuant to Rule 4(d), within 60 days after the request for waiver of service was sent. Fed. R. Civ. P.  12(a)(1)(A)(i).

Plaintiff sent a request for waiver to Defendant on January 15, 2015, and Defendant timely waived personal service on February 12, 2015. (ECF No. 20.) Thus, Defendant had 60 days from January 15, 2015 (*i.e.*: until March 16, 2015) to respond to Plaintiff's Complaint. (ECF No. 20 at 2.) Because Defendant filed its Motion to Dismiss on March 4, 2015, Defendant's motion was timely. (ECF No. 21.)

# III.  LEGAL STANDARDS

## A.      Standard of Review

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. When no objections are filed, a district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

## B.      Construction of a *Pro Se's* Complaint

"It is settled law that the allegations of a *pro se* litigant's complaint however in artfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1972)). As a result, "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading[s]' of *pro se* litigants." *Eldridge*, 832 U.S. at 1137. Nonetheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## C.      Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to Exhaust Administrative Remedies

When it is clear on the face of a prisoner's complaint that he has failed to exhaust administrative remedies, a defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). This is true *even though* failure to exhaust is an affirmative defense to which

1  the defendant shoulders the burden to plead and to prove. *Jones v. Block*, 59 U.S.

2  199, 216 (2007);  *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)(per

3  curiam)("[A]ffirmative defenses may not be raised by a motion to dismiss, but this

4  is not true when, as here, the defense raises no disputed issues of fact.")

5       "To survive a motion to dismiss, a complaint must contain sufficient factual

6  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

7  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

8  550 U.S. 544, 570 (2007)). When reviewing a Rule 12(b)(6) motion to dismiss, the

9  court assumes the truth of the facts alleged and construes all inferences flowing

10  from them in the light most favorable to the non-movant. *Erickson v. Pardus*, 551

11  U.S. 89, 94 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of

12  cognizable legal theory' or 'the absence of sufficient facts alleged under a

13  cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116,

14  1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

15  699 (9th Cir. 1990)).  "Determining whether a complaint states a plausible claim for

16  relief [is] . . . a context-specific task that requires the reviewing court to draw on its

17  judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

18       In assessing whether a prisoner's complaint can survive past a Rule 12(b)(6)

19  motion to dismiss, the Ninth Circuit has been sensitive to the potential

20  repercussions of too easily excusing a prisoner's failure to exhaust administrative

21  remedies. *See McBride v. Lopez,* 807 F.3d 982, 988 (9th Cir. 2015) ("If this fact,

22  standing alone, were sufficient, any hostile interaction between a prisoner and

23  prison official would render the prison's grievance system unavailable.") The Court

24  is concerned with keeping prison-administrative procedures intact. *See id.*

25       Finally, before dismissing a *pro se* civil rights suit for failure to state a claim,

26  the Court should apprise a plaintiff of his complaint's deficiencies and provide him

27  an opportunity to cure any deficiencies. *Karim-Panachi v. Los Angeles Police*

28  *Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988). Only if it is absolutely clear that the

deficiencies cannot be cured should the complaint be dismissed with prejudice. *Id.*;
*see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## IV.  DISCUSSION

### A.    Construction of Plaintiff's § 1983 Complaint

A state prisoner may file a lawsuit in federal court pursuant to 42 U.S.C. §
1983. Section 1983 provides:

> [e]very person who, under color of any statute,
> ordinance, regulation, custom,or usage, of any State
> or Territory or the District of Columbia, subjects,
> orcauses to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceedings for
> redress . . . .

42 U.S.C. § 1983 (2012). However, "Section 1983 'is not itself a source of
substantive rights' but merely provides 'a method for vindicating federal rights
elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting
*Baker v. McCollan*, 443 U.S. 137, 144 (1979)).

Here, Plaintiff does not allege which constitutional (or other federal) right
Defendant violated by postponing Plaintiff's parole hearing for six months. (ECF
No. 5.)  However, because Plaintiff is proceeding *pro se*, the Court construes his
Complaint liberally. *See Bruns*, 122 F.3d at 1257. Based on Plaintiff's allegation
that he was "punished for getting sick and going to a[n] outside hospital" (ECF No.
5 at 3), the Court interprets Plaintiff as alleging a violation of his Eight Amendment
right to be free against the infliction of cruel and unusual punishment.

In terms of relief, Plaintiff seeks to have the Court order the Board of Parole
Hearings to hold a parole hearing before April 2015.[2] (ECF No. 5 at 3.)

---

[2] The Court recognizes that Plaintiff's Complaint could be dismissed as moot
because the *only* relief Plaintiff sought was to have his parole hearing occur before
April 2015 and that April 2015 has come and gone. However, the Court addresses
Defendant's Motion to Dismiss in full so as to provide Plaintiff a statement of his

1   Alternatively, Plaintiff seeks to have the Court act as the Board and conduct a

2   parole hearing before his parole-plans expire.[3] (*Id*. at 3.)

3   **B.      Plaintiff's Exhaustion of Administrative Remedies**

4

5          Defendant  moves to dismiss Plaintiff's Complaint on the ground that

6   Plaintiff failed to exhaust available administrative remedies before filing suit in this

7   Court and that this failure is obvious on the face of Plaintiff's complaint. (ECF No.

8   21 at 1-2.) The Magistrate Judge recommended that the Court grant Defendant's

9   Motion to Dismiss on this ground. For the foregoing reasons, the Court **ADOPTS**

10  the Magistrate Judge's recommendation and **GRANTS** Defendant's motion to

11  dismiss for failure to exhaust.

12         Although 42 U.S.C. §1983, by its terms, does not require that a prisoner

13  exhaust state remedies before filing suit in federal suit, Congress has mandated

14  precisely that under the Prison Litigation Reform Act (PLRA).  The PLRA prohibits

15  a prisoner from brining a lawsuit in federal court "with respect to prison conditions

16  under Section 1983 . . . , or any other Federal law . . . until such administrative

17  remedies *as are available* are exhausted."  42 U.S.C. §1997(e)(a)(2012) (emphasis

18  added).  All such available remedies must be exhausted prior to the prisoner's

19  commencement of his federal action; they may not be exhausted during the  during

20  the pendency of the federal suit.  *McKinney v. Carey*, 311 F.3d 1189, 1199 (9th Cir.

21  2002)(per curiam).

22         What constitutes proper exhaustion, however, is defined by a prison's own

23  regulations– not the PLRA. *Jones* 59 U.S. at 218 ("[I]t is the prison's requirements,

24  and not the PLRA, that define the boundaries of proper exhaustion.") In California,

25  the required exhaustion process is codified in Title 15 of California Code of

26  Complaint's deficiencies so that he may have the opportunity to cure should he file his

27  lawsuit. *See Karim-Panahi*, 839 F.2d at 623-24.

28         [3] This Court does not have the authority to act as a Broad of Parole: Federal
    districts courts lack original jurisdiction over state-parole matters. *See  generally* 28
    U.S.C.  §§ 1330-1339 (2012).

Regulations. Any inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse affect upon his or her health, safety, or welfare." Cal. Code. Regs. tit. 15 §§ 3084.1(a) (2015).  These regulations require an inmate to apply through a three-tier process. *Id*. Moreover,  these regulations fix timetables by which a prisoner must expect to hear a response at each review level. Cal. Code. Regs. tit. 15 §§ 3084.8(c)(1). The prisoner can expect a response within thirty working days of receipt of the grievance at the first-and-second levels. *Id*. at § 3084.8(c)(1), (2). And, the prisoner can expect a response within 60 days at the third-level. *Id.* at  § 3084.8(c)(3).

At the same time, the Ninth Circuit has not read the PLRA's exhaustion requirement harshly so as to require a prisoner's compliance with his prison's administrative remedies when no such remedies are effectively available. *McBride*, 807 F.3d at 3 ("This court has previously emphasized that the PLRA requires only that a prisoner exhaust available remedies, and that a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court."); *see also Sapp v. Kimbrell*, 623 F.3d 813, 827 (9th Cir. 2010) ("We do not foreclose the possibility that exhaustion might also be excused where repeated rejections of an inmates's grievances at the screening stage give rise to a reasonable good faith belief that administrative remedies are effectively unavailable." (quoting *Lewis v. Washington*, 300 F.3d 829, 833 (7th  Cir. 2002))). Of particular relevance to Plaintiff's case here, the Ninth Circuit has recognized that "[d]elay in responding to a grievance, *particularly a time-sensitive one*, may demonstrate that no administrative process is in fact available," *Brown v. Valoff*, 422 F.3d 926, 943 n. 18 (9th Cir. 2005) (emphasis added). In such circumstances, a prisoner need not exhaust all remedies before filing his §1983 action in federal court.

1.   *Defendant's Argument*

Defendant argues in its Motion that Plaintiff's failure to exhaust prison

remedies should not be excused because the State of California had prison regulations that accommodated Plaintiff's concerns about the timeliness of the review procedures and his concerns about not knowing whom to direct his concerns to. (ECF No. 21-1 at 8:3-19.)  In particular, Defendant points out that:

> [S]ection 3086 of Title 15 of the California Code of Regulations provides a speedier mechanism to resolve an inmate's concerns. Inmates may request an interview where the inmates seeks "a response to an issue or concern related to his or her confinement or parole." Cal. Code Regs. tit. 15, § 3086(b). Staff members are required to respond to these interview requests within three working days after recipe of the request. Cal. Code Regs. tit. 15, §3086(f)(4). If the staff member who receives the request is not the appropriate individual to respond to the request for an interview, that staff member must forward the request to the appropriate responder within twenty-four hours of receiving the request for an interview. Cal. Code Regs. tit. 15, § 3086(f)(3).

(*Id*. at 8:3-12.)

Instead, Defendant contends, that Plaintiff bypassed this protocol and directly chose to file a federal action when he had an available remedy that was "simple, quick, convenient" and that addressed his timeliness and addressee concerns. (ECF No. 21-1 at 8: 13-18.)

2.    *Whether Defendant Prevails on its Rule 12(b)(6) Motion*

Upon a review of Plaintiff's Complaint, the Court finds it clear on the face of the Complaint that Plaintiff failed to exhaust available administrative remedies before filing suit in this Court. Section I of Plaintiff's form Complaint asked Plaintiff, "Is there a grievance procedure in this institution?" (ECF No. 5 at 1.) In response, Plaintiff marked the checkbox labeled, "Yes." (*Id*.) Next, Section I of the form asked Plaintiff, "[D]id you present the facts in your complaint for review through the grievance procedure?" (*Id*.)  Plaintiff responded by marking the checkbox labeled, "No." (*Id*.) The form Complaint next stated, "If you did not present your claim for review through the grievence procedures, explain why." (*Id.* at 2.) Plaintiff responded, "[I]t would take a lot of time and I would go to the Board before I got a[n] answer." (*Id*.) Based on these statements, the Court finds that Plaintiff intentionally failed to exhaust remedies and that this failure is clear on the face of Plaintiff's Complaint.

Accordingly, Defendant properly brings forth this Rule 12(b)(6) Motion to Dismiss, *Albino*, 747 F.3d at 1166, and prevails if it shows that Plaintiff's timeliness and addressee allegations do not excuse Plaintiff's failure to exhaust. The Court finds for the Defendant on this point. Had the three-tier, *supra* at 8, been the only mechanism for Plaintiff to address his concern that he would not be able to get a parole hearing before April 2015, Plaintiff may have had a colorable argument that he effectively lacked an available remedy. But that is not the case here. As the Defendant has pointed out, California provided Plaintiff with a simple expedient that, if followed, could have alerted prison officials to the equities of his situation and potentially expedited consideration of his request to have a parole hearing before his parole plans expire, *i.e.*, in April 2015.

Plaintiff does not explain why he bypassed these procedures, which acknowledge the time sensitivity of parole matters. Based on Plaintiff's precipitous actions in filing suit in this Court, one could perhaps infer that Plaintiff was simply unaware of these procedures. But even if this were true—and the record is silent on this issue—Plaintiff's lack of awareness would not seem to be enough to entitle him to survive past Defendant's Motion to Dismiss. Plaintiff's case stands in contrast to the plaintiff's plight in *Albino*, where the inmate repeatedly alerted prison officials to his situation but was rebuffed each time. *Albino*, 747 F.3d at 1175-1177. There, the Ninth Circuit held that an inmate's ignorance of prison remedies effectively rendered those remedies "unavailable" to him, thus excusing the inmate's failure to exhaust. *See id.* at 1181; *McBride*, 807 F.3d at 986 ("Finally, in *Albino*, 747 F.3d at 1177, we held that where a jail did not inform a prisoner of the process for filing a complaint even after repeated requests, the jail did not prove that there was any realistically 'available' remedy for the prisoner to exhaust.") By contrast, here, Plaintiff did not even attempt to garner the attention of prison officials.

For the foregoing reasons, the Court determines that Plaintiff did not exhaust remedies that were available to him. Accordingly, the Court ADOPTS the

14-cv-2844 GPC (JLB)

Magistrate Judge's recommendation, and **GRANTS** Defendant's Motion to Dismiss on this ground.

**B.     Defendant's Immunity Under the Eleventh Amendment**

Defendant additionally contends that it is immune from Plaintiff's lawsuit under the Eleventh Amendment of the federal Constitution. (ECF No. 21-1 at 4:11-27.)  For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's recommendation that Defendant has sovereign immunity under the Eleventh Amendment, and **GRANTS** Defendant's Motion to Dismiss on this ground.

The Eleventh Amendment states, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted . . . by Citizens of another State. . . ."   U.S. CONST amend. XI. "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Coop*., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citation omitted.) Accordingly, states – and their agencies– are immune to lawsuit in federal court "unless Congress has abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment or a state has waived it." *Holley v. California Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010).  The Supreme Court has recognized that Congress has not abrogated state sovereign immunity through Section 1983 and that the "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under Section 1983 in federal court." *Aleto v. California*, No. EDCV 15-0842-RGK (JEM), 2015 WL 4507001, at *3 (C.D. Cal. July 23, 2015) (citing *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

Here, Plaintiff named "Parole Board Members" as the defendants in his Complaint. Although Plaintiff's naming the "members" of the Board could indicate that Plaintiff intended to sue the members of the Board in their individual, personal capacities, the Court cannot construe Plaintiff's Complaint in such manner. Plaintiff

does not name any specific individual in his Complaint. (ECF No. 20-1 at 4.) Moreover, Plaintiff has never directed service of process towards any individual member of the Board. (*See* ECF Nos. 5, 17, 19, and 20.) In light of the Supreme Court's instruction that " [o]ne becomes a party officially . . . . *only upon service of a summons* or other authority-asserting measure starting the time within which the party must be served must appear and defend,*"* the Court cannot construe Plaintiff's Complaint as being against the individual members of the Board.  *Murphy Bros. Inc., v. Michetti Pipe Strining*, 526 U.S. 344, 350 (1999) (emphasis added). By contrast, the record reveals that Plaintiff served service of process on the Board of Parole Hearings collectively. (*See* ECF. 20 at 1 and 2.) (waiver of service sent to and executed by the Board of Parole Hearings). Plaintiff directed service of process on that defendant sometime in February 2015. *Id.* Accordingly, the Court construes Plaintiff as having sued the Board of Parole Hearings as a collective entity.

Since the Eleventh Amendment bars all types of relief against a state and its agencies, and the Board of Parole Hearings is an agency of the State of California, this Court finds that Defendant is immune from Plaintiff's suit.

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation, and **GRANTS** Defendant's Motion to Dismiss  on the ground of Eleventh Amendment immunity.

**C.     Civil Local Rule 7.1**

In addition, the Court **ADOPTS** the Magistrate Judge's recommendation to dismiss Plaintiff's lawsuit under Civil Local Rule 7.1.f.3.c of the Local Rules of Practice for the United States District Court for the Southern District of California, and **DISMISSES** Plaintiff's suit on this additional ground. Under this rule, a party's failure to oppose a motion to dismiss "may constitute [] consent to the granting of [that] motion." *Id.*

District courts have the power to enact and apply local rules, including dismissal of a case for failure to comply with local rules.  *U.S. v. Warren*, 601 F.2d

471, 473 (9th Cir. 1979) (per curiam) (citations omitted) ("It is undisputed that district courts have the authority to 'prescribe rules for the conduct of their business' in any manner not inconsistent with the federal rules or Acts of Congress.").  However, before a district court may dismiss an action under a local rule,  "[t]he district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;[4] (3) the risk of prejudice to the defendants;[5] (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.[6]'" *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.3d 1421, 1423 (9th Cir. 1986)). This is true even where, as here, a plaintiff proceeds pro se, because "[p]ro se litigants must follow the same rules of procedure that governs other litigants." *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

Here, Defendant attached a Certificate of Service to its Motion to Dismiss, representing that Defendant timely served Plaintiff with its Motion. (ECF No. 21-1 at 10.) In addition, Plaintiff's letter dated March 6, 2015 confirms that Plaintiff received Defendant's Motion. (ECF No. 24 at 1.) The Court provided Plaintiff with adequate time to prepare a written opposition to Defendant's Motion, and Plaintiff did not file an opposition. Instead, in his March 6, 2015 letter, Plaintiff takes no position on the strength of Defendant's Motion but instead protests that if Defendant is correct, the Court should never have filed Plaintiff's initiating letter as a court case in the first place. Thus, the Court concludes that the balance of the

---

[4] The Ninth Circuit has said that, "[the district court] is in the best position to determine what period of delay can be endured before its docket becomes unmanageable. *Henderson*, 779 F.3d at 1423.

[5] In assessing this factor, the Ninth Circuit appears to consider the prejudice that a defendant would experience if a complaint were *not* dismissed. *See id.* at 1424.

[6] "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Id.*

1    *Ghazali* factors weigh in favor of dismissal. See *Ghazali*, 46 F.3d at 53.

2           Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation

3    that the *Ghazali* factors weigh in favor of dismissal and **DISMISSES** the Plaintiff's

4    action on this ground.

5                        **VI.  CONCLUSION AND ORDER**

6           For the foregoing reasons, **IT IS HEREBY ORDERED** that:

7    (1)    Judge Burkhardt's Report as to Defendants' Motion to Dismiss is

8           **ADOPTED** in its entirety;

9    (1)    Defendant's Motion to Dismiss is **GRANTED** on the ground that

10          Plaintiff did not exhaust all remedies;

11   (2)    Defendant's Motion to Dismiss is **GRANTED** on the ground that

12          Defendant is immune under the Eleventh Amendment; and

13   (3)    Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

14   **IT IS SO ORDERED.**

15

16   DATED:  March 22, 2016

17

18                              HON. GONZALO P. CURIEL
                                United States District Judge

19

20

21

22

23

24

25

26

27

28